UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK, FSB,

       Plaintiff,

Case No. 13-cv-13973
Honorable Gershwin A. Drain

v.

JOHN P. ESTRELLA, and individual
d/b/a ABLE MORTGAGE COMPANY,

       Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUAUNT TO RULE 12(B)(3) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IN THE ALTERNATIVE MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

#### I. Introduction

Plaintiff Flagstar Bank ("Flagstar") is a federally chartered bank whose principle place of business is Troy, Michigan. Defendant is John P. Estrella ("Estrella") a resident of Massachusetts, and he does business as the Able Mortgage Company. Plaintiff initially filed a one count Complaint for breach of contract against Defendant in the Oakland County Circuit Court on August 15, 2013. On September 17, 2013, Defendant removed the case to this Court. Presently before the Court is Defendant's Motion to Dismiss this case for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative to Transfer Venue pursuant to 28 U.S.C § 1404(a). The parties have fully briefed the Motion. Pursuant to Local Rule 7.1(f)(2), the Court will decide this motion on the briefs without a

hearing. For the reasons that follow, the Court DENIES Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) and Defendant's Motion to Transfer Pursuant to 28 U.S.C. 1404(a) [#4].

## II. Factual Background

In November of 2006, the parties entered into a Wholesale Lending Broker Agreement ("the Broker Agreement"). *See* Dkt. 1 Ex. A. Under the agreement, Defendant offered to sell loan packages to Plaintiff. Plaintiff purchased the loans, and later sold them to Fannie Mae, a government owned entity that purchases mortgage loans from banks in an effort to promote liquidity in the mortgage market. The loan did not meet Fannie Mae's requirements and it suffered a loss. Plaintiff had to indemnify Fannie Mae for its loss. Per the Broker Agreement, Defendant agreed to indemnify Plaintiff for any losses that resulted from any breach of a covenant, warranty, or representation regarding the loan. The agreement also required Defendant to submit to the personal jurisdiction of the Oakland County Circuit Court and this Court.

## III. Law and Analysis

### A. Standard of Review

#### i. Rule 12(b)(3) of the Federal Rules of Civil Procedure

When a court considers a motion under Rule 12(b)(3), it must draw all favorable inferences in favor of the plaintiff, and the plaintiff bears the burden of demonstrating venue is proper. *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F.Supp.2d 1014, 1017 (E.D. Mich. 2002). The court, however, retains discretionary authority to transfer an action under 28 U.S.C. § 1404(a).

### ii. 28 U.S.C. § 1404(a)

Title 28, section 1404(a) of the United States Code provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts have broad discretion to transfer an action pursuant to section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. *See Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955). The Supreme Court instructs that "[s]ection 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

A transfer pursuant to § 1404(a) requires that: "(1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and witnesses' convenience." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001). This in turn requires the Court to consider relevant case-specific factors such as:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000); *see also Grand Kensington, LLC v. Burger King Corp.*, 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000); *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991); *Moses v. Bus. Card*

*Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (holding that a "court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'")  (quoting *Stewart Organization, Inc.*, 487 U.S. at 30).

The moving party must demonstrate by a preponderance of the evidence that, in light of these factors, "fairness and practicality strongly favor the forum to which transfer is sought." *Thomas v. Home Depot U.S.A.*, Inc., 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001).  Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. *See Grand Kensington*, 81 F. Supp. 2d at 836 (citing *Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656, 668 (E.D. Mich. 1996)).  A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another.  *See Evans Tempcon, Inc. v. Index Indus., Inc.*, 778 F. Supp. 371, 377 (W.D. Mich. 1990).

### B. Defendant's Motion

#### i. Motion to Dismiss  Pursuant to Rule 12(b)(3)

Plaintiff's Motion to dismiss for improper venue pursuant to Rule 12(b)(3) is misguided. Defendant removed this case from state court to this Court.  *See* Dkt #1.  By statute, this Court is the only court to which Defendant could remove the case.  28 U.S.C. § 1441(a) (2012) (stating the district court for the district and division embracing the state case is the proper removal venue); *see Kerbo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002).  There was no other forum to which Defendant could have removed this case.  Therefore, his motion under this rule fails because it is counterintuitive.  Defendant entered into a contract submitting himself to this Court's personal jurisdiction, and statute designates this Court as the proper and

only venue for removal purposes. Defendant's Motion to Transfer Venue under §1404(a) is more appropriate when analyzed under the relevant factors.

### ii. Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)

As a preliminary matter, the Court finds this case could have been brought in the United States District Court for the District of Massachusetts under diversity jurisdiction. Defendant is a resident of the state of Massachusetts, Plaintiff is a business whose principle place of business is in Michigan, and the dispute is in excess of $75,000. Plaintiff argues that the Broker Agreement's governing law clause binds Defendant to argue in only this Court or the Oakland County Circuit Court. In the clause, Defendants submitted to the personal jurisdiction of this Court and the Oakland County Circuit Court, agreed Michigan law governed the matter, and agreed to a bench trial.

This is not a forum selection clause. Personal Jurisdiction is not the same issue as venue. Personal jurisdiction is a question of whether a court can exercise its authority over a party, whereas, venue is a matter of choosing the proper forum in which to litigate. *Children's Legal Servs.,LLC v. Shor Levin and Derita, P.C.*, 850 F.Supp.2d 673,679 (E.D. Mich.2012). Moreover, each requires a different analysis. *Id*. When determining whether venue is appropriate, the court considers where the defendant resides and where the acts or omission that gave rise to the claim occurred. 28 U.S.C. § 1391(b)(1)-(2) (2012). Personal jurisdiction can only dictate venue when there is no district in which to bring an action, and that is not an issue in this matter. *Id*. at (3). When determining personal jurisdiction, federal district courts consider whether a party has submitted to its exercise of personal jurisdiction, the long-arm statute of the of the state in which they are located, and whether their exercise of personal jurisdiction violates Due Process. *See* Fed. R. Civ. P. 4(k)(1); *Int'l Shoe Co. v. Washington*, 326 U.S. 316 (1945).

In the instant case, Defendant is not challenging the personal jurisdiction of this Court. Rather, he argues the proper forum to litigate this case is where he resides, where the loan was originated, and first reviewed by Plaintiff's employees. This argument, while valid, mischaracterizes the nature of the claim. Plaintiff seeks indemnity from the Defendant. Defendant made certain warranties about the characteristics of a loan he sold to Plaintiff. The facts that give rise to the cause of action are the negative consequences resulting from Plaintiff's transaction with Fannie Mae. Had Fannie Mae not suffered a loss, there would be no need to indemnify. Therefore, the events that gave rise to this action are the loss at Fannie Mae and their demand that Plaintiff indemnify them. Defendant's actions or omission caused Plaintiff to suffer a harm in this district.

Moreover, case specific factors do not favor transfer. *See Taylor*, 79 F. Supp. 2d at 811. Defendant argues convenience of witnesses favors transfer, but the inconvenience of having to travel from Massachusetts to Michigan is not significant enough to overcome the preference for Plaintiff's choice of venue. Generally, courts do not give weight to unsupported claims that travel costs are a burden. *See Thomas*, 131 F.Supp.2d at 937. Defendant also lists six potential fact witnesses who are located in Massachusetts. Def.'s Rep. at 6. Of these witnesses, only two could have information relevant to Plaintiff's transaction with Fannie Mae. *Id*. Costs associated with these witnesses' travel can be mitigated by depositions via telephone or video conference. Defendant's argument regarding access to documentary evidence is unavailing. Plaintiff has copies of these documents. However, the Defendant does not have access to the documents Plaintiff and Fannie Mae exchanged. Pl.'s Resp. at 8. Plaintiff has these documents in its possession in Troy, Michigan. Any documents in Defendant's possession that are relevant to Plaintiff's transaction are discoverable and able to be shared electronically. Section 1404(a)

requires Defendant to make a showing that a transfer outweighs the preference for plaintiff's choice of venue. Defendant has not made the required showing.

## IV.   Conclusion

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3), and DENIES Defendant's Motion to Transfer Pursuant to 28 U.S.C. 1404(a) [#4].

SO ORDERED.

Dated:  December 16, 2013

/s/ Gershwin A Drain
GERSHWIN A. DRAIN
US DISTRICT COURT JUDGE