UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLAGSTAR BANK, FSB,

      Plaintiff,

                                  Case No. 13-cv-13973
                                  Honorable Gershwin A. Drain

v.

JOHN P. ESTRELLA, and individual
d/b/a ABLE MORTGAGE COMPANY,

      Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#19]</u>**

### I.   Introduction

Plaintiff Flagstar Bank ("Flagstar") is a federally chartered bank whose principle place of business is Troy, Michigan. Defendant, John P. Estrella ("Estrella") is a resident of Massachusetts, and he does business as the Able Mortgage Company. Plaintiff initially filed a one count Complaint for breach of contract against Defendant in the Oakland County Circuit Court on August 15, 2013. Defendant removed the Complaint to this Court on September 17, 2013. On December 17, 2013, this Court issued an Order Denying Defendant's Motion to Dismiss Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for Improper Venue, and in the alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. 1404(a). *See* Dkt # 13. On that same day, the Court issued a Scheduling Order and the parties began discovery. *See* Dkt.

#14. The Court's Order set a discovery cutoff date of April 15, 2014 and a dispositive motion cutoff date of May 13, 2014. Presently before the Court is Plaintiff's Motion for Summary Judgment. The Parties have fully briefed the Motion. The Court finds oral argument on the motion is unnecessary. Pursuant to Local Rule 7.1(f)(2), the Court will not hold a hearing on this Motion. For the reasons that follow, the Court DENIES Plaintiff's Motion for Summary Judgment.

## II.    Factual Background

In November of 2006, the parties entered into a Wholesale Lending Broker Agreement ("the Broker Agreement"). Pl.'s Ex. A. Under the Broker Agreement, Defendant offered to sell loan packages to Plaintiff. Per section 4.1(a) of the Broker Agreement, Defendant agreed to indemnify Plaintiff for any losses that resulted from any breach of a covenant, warranty, or representation regarding the loan. *Id*. In Section 3.1(k) of the Broker Agreement, Defendant stated he understood Plaintiff would sell the loan to Fannie Mae, and warranted the loan would meet Fannie Mae's requirements. *Id*. In section 3.1(m) of the Broker Agreement Defendant also warranted that the loan documents he prepared would meet Fannie Mae's requirements. Fannie Mae is a government owned entity that purchases mortgage loans from banks in an effort to promote liquidity in the mortgage market.

This case involves a particular loan made to Jacinto Gomes and Ludmila Morley ("the Morley loan"). The Morley loan did not meet Fannie Mae's requirements and it suffered a loss. Plaintiff had to indemnify Fannie Mae for its loss. Fannie Mae suffered a loss because of a miscalculation made by Flagstar when calculating sellers' contribution under the Morley Loan. Flagstar's closing agent and attorney revised a HUD-1 form that allowed the borrowers to receive $180.13. The loan required the borrowers to contribute $500 to the closing. Receiving

money back caused their contribution to fall below $500. The borrowers defaulted on the loan, and Fannie Mae determined that Flagstar was required to repurchase the Morley loan. Plaintiff argues Defendant breached the warranties and covenants in sections 3.1(k) and (m) of the Broker Agreement, and must indemnify it under section 4.1 of the agreement.

### III.    Law and Analysis

#### A.    Standard of Review

Rule 56 of the Federal of Rules Civil Procedure empowers the court to render summary judgment forthwith "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); see also *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact." *Anderson*, 477 U.S. at 247-48; see also *Nat'l Satellite Sports, Inc. v. Eliadis*, Inc., 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); see also *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (citing *Anderson*, 477 U.S. at 252).

### B. Plaintiff's Motion

Defendant agreed to indemnify Plaintiff for any and all loses it incurred by a breach of any of the covenants in the Broker Agreement or any material act or omission of Defendant. *See* Pl.'s Ex. A §4.1(a). Plaintiff argues it is entitled to Summary Judgment because it had to spend money to repurchase the Morley loan from Fannie Mae because the loan did not meet Fannie Mae's qualifications.

Plaintiff argues Defendant is liable for its loss based on the language of the Broker Agreement irrespective of whether Defendant was aware of the errors in the respective documents. According to Plaintiff, the language in section 4.1(a) placed the risk of mistake for errors on the Defendant. *Lenawee County Bd. of Health v. Messerly*, 417 Mich. 17, 30, 331 N.W.2d 203, 210 (1982) (holding rescission is not an appropriate equitable remedy for a party who assumed the risk associated with mistake); *see also* Restatement (Second) of Contracts §

4

154 (1981).[1]  Defendant argues Plaintiff's interpretation of the indemnity clause in the Broker Agreement is too broad and applies to conduct he had no control over such as the revised HUD-1 form, the calculation of the amount returned to borrowers and seller contributions.  According to Defendant, Plaintiff's loss was a result of its own conduct.

Michigan law governs the Broker Agreement.  Michigan law excuses performance on a contract when an adverse party's actions make another party's performance "impossible." *Lee v. Desenberg*, 2 Mich. App 365, 139 N.W.2d 916 (Mich. Ct. App. 1966).  Michigan law follows the doctrine of prevention, which states "a contracting party whose unjustified action prevents the other party from performing may not claim that the other party has not performed." *Iron Workers' Local No. 25 Pension Fund v. McGuire Steel Erection, Inc.*, 352 F. Supp. 2d 794, 801-02 (E.D. Mich. 2004).

Prevention also applies in the context of indemnity.  Indemnity contracts are "strictly construed" against the drafter and the indemnitee.  *Powers v. Apcoa Standard Parking, Inc.*, 259 F. Supp. 2d 606, 609 (E.D. Mich. 2003).  Broad indemnity language that imposes a duty to indemnify for acts "arising out of any manner connected with" performance of the contract do not create a duty to indemnify the indemnitee for their negligent conduct without express language that the parties intend indemnitee negligence to be within the scope of their agreement. *Id*. at 610.

On October 16, 2007 Defendant emailed Plaintiff notifying it of the miscalculation on the HUD-1 form.  Def.'s Ex. 9.  This is contrary to a contention in Plaintiff's Reply brief.  Pl.'s Rep. Br. at 3.  Plaintiff made a series of edits and corrections after Defendant brought this to their attention, but the calculations were still incorrect and caused Fannie Mae to sell the loan back to

---

[1] This is an accurate statement of law, but the Plaintiff is seeking a legal remedy rather than an equitable one.

Plaintiff. Def. Exs. 9-12 & 15. It appears from parties' briefing that there is a factual issue as to the source of the errors on the HUD-1 form.

This disagreement as to the source of the errors in the form shows a material fact is in dispute between the parties. Defendant has met his burden under Rule 56(c) as evidenced by his exhibits. Moreover, the procedural posture of a Rule 56 Motion requires the Court to construe all reasonable inferences in favor of the non-movant, who is the Defendant in this matter. The existence of an email notifying Plaintiff of an error and Plaintiff's failure to fix the error creates a reasonable inference that Plaintiff could have taken steps to avoid the error. Defendant's argument regarding the doctrine of prevention also shows that Plaintiff failed to prove it is entitled to judgment as a matter of law because the indemnity portion of the Broker Agreement does not expressly state the Defendant would indemnify Plaintiff from losses as a result of Plaintiff's negligence.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment.

SO ORDERED.

                                             /s/Gershwin A Drain
                                             GERSHWIN A. DRAIN
                                             US District Court Judge